Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Aaron Feld*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Aaron Feld, | Case No.: 2:20-cv-01156 |
| Plaintiff, | **Complaint** |
| v. | **Jury trial demanded** |
| Navient Solutions, LLC and Pioneer Credit Recovery, Inc., | |
| Defendant. | |

## Introduction

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy.  The FDCPA is intended to eliminate abusive debt collection practices by debt collectors.  The Act ensures that law-abiding debt collectors are not

1. competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. Aaron Feld ("Plaintiff"), by counsel, brings this action to challenge the actions of Navient Solutions, LLC and Pioneer Credit Recovery, Inc. (jointly as "Defendant"), with regard to attempts by Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendant's violations of the FDCPA and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

9. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

COMPLAINT — 2 —

**Parties**

11. Plaintiff is a natural person who resides in Clark County, Nevada.

12. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendants are each a company that offers debt collection services and is a "person," as defined by 47 U.S.C. § 153(39).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company and owner (or frequent user) of one or more of the telephone numbers used by Defendant to make telephone calls to Plaintiffs in violation of the TCPA.

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

16. Over seven years ago, Plaintiff's grandfather was alleged to have owed a student loan debt as a cosigner for another family member (not Plaintiff) (the "debt").

17. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

18. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity, except as described here.

19. Defendant was assigned the right to collect on the debt.

20. About seven years ago, Plaintiff's grandfather passed away and Defendant began to attempt to collect the debt from Plaintiff.

COMPLAINT — 3 —

21. Repeatedly, Plaintiff informed Defendant that it was not his debt and to stop calling.

22. Over the years, Plaintiff told Defendant to stop calling many time, until as recently as December 2019 or even January 2020.

23. Thus, Defendant knew that Plaintiff disputed the debt and that Plaintiff did not owe the debt, but still continued to call Plaintiff in an attempt to collect the debt from Plaintiff. In this way, Defendant's actions were harassing and abusive.

24. Defendant was attempting to collect an amount that it was not entitled to. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

25. Consequently, Defendant violated 15 U.S.C. §§ 1692c, 1692e, and 1692f.

26. Defendant's actions were willful and knowing because Defendant knew that Plaintiff disputed the debt and knew that it was prohibited from contacting Plaintiff to collect the debt until it verified the debt and informed Plaintiff of the verification in writing.

### Defendant violated the TCPA

27. Within the last four years, without any prior express consent to call Plaintiff on his cellphone, Defendant repeatedly called Plaintiff's cellphone.

28. Upon information and belief, Defendant placed these calls using an automatic telephone dialing system ("ATDS") or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

29. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database with little or without any human intervention.

32. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33. The telephone calls were unwanted by Plaintiff and Plaintiff repeatedly asked that the calls cease.

34. Defendant did not have prior express written consent to place the telephone calls to Plaintiff.

35. Through Defendant's conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

36. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS.

37. Defendant's calls forced Plaintiff to live without the utility of his cellular phone by occupying his cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

38. Defendant's calls to Plaintiff's cellular telephone numbers were unsolicited by Plaintiffs and without Plaintiff's permission or consent.

COMPLAINT — 5 —

39. Plaintiff is informed and believes and thereupon allege, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

40. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. Further, Defendant's violations also caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance from Defendant's pre-recorded voice which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

### Plaintiff's damages

42. Plaintiff has suffered emotional distress and mental anguish as a result of Defendants' actions described here. In addition, Plaintiff was forced to spend days disputing Defendant's collection efforts and incurred out-of-pocket costs and time in his repeated attempts to dispute Defendant's actions. Plaintiff further suffered humiliation and embarrassment when Defendant refused to comply with the TCPA and FDCPA and when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

## Count One

## Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

44. Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant unlawfully communicated with Plaintiff to collect the debt when Defendant knew that Plaintiff disputed the debt.

45. Defendants' conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

46. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

47. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

48. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt against Plaintiff.

49. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Count Two

### Negligent Violations of the TCPA

### 47 U.S.C. § 227, *et seq.*

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Count Three

### Knowing and/or Willful Violations of the TCPA

### 47 U.S.C. § 227, *et seq.*

56. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Prayer for relief**

60. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- Award statutory damages of $500.00 for each and every negligent violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B);
- Award statutory damages of $1,500.00 for each and every knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);
- Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Interest on all amounts awarded; and
- Any other relief that this Court deems just and proper.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

## Jury Demand

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 22, 2020.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Aaron Feld*