# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AARON FELD,

    Plaintiff(s),

v.

NAVIENT SOLUTIONS, LLC, et al.,

    Defendant(s).

Case No. 2:20-cv-01156-GMN-NJK

**Order**

[Docket No. 53]

Pending before the Court is Defendants' motion to reopen and extend deadlines in the scheduling order to allow for the deposition of Plaintiff's expert. Docket No. 53. Plaintiff filed a response in opposition. Docket No. 55. Defendants filed a reply. Docket No. 56. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A request to reopen expired deadlines in the scheduling order must make an additional showing of excusable neglect. Local Rule 26-3; *see also Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).

Defendants have shown both good cause and excusable neglect. On August 3, 2021, the Court granted Plaintiff's request to reopen discovery to address the Supreme Court's decision in *Facebook, Inc. v. Duguid*, ___ U.S. ____, 141 S.Ct. 1163 (2021). Docket No. 51. On the date of the new discovery cutoff, Plaintiff attempted to serve an amended expert report addressing the standard enunciated in *Duguid.* Docket No. 53-2 at ¶ 3. That report was not actually received for another ten days, however, because it had been sent to an outdated and incorrect email address.

1

*Id.* at ¶¶ 4-5. Defendants wish to depose the expert to probe the findings in the opinion. *See* Docket No. 53 at 4. Given the circumstances, it is clear both that the deposition could not have been conducted by the discovery cutoff and that the failure to do so was the result of excusable neglect.[1]

Accordingly, Defendants' motion to reopen and extend is **GRANTED**. Deadlines are hereby **RESET** as follows:

- Discovery cutoff: November 12, 2021
- Dispositive motion deadline: December 13, 2021
- Joint proposed pretrial order: January 11, 2022

The discovery cutoff is reopened only to conduct the identified deposition. Counsel must immediately confer on a deposition date to ensure that the extended discovery cutoff can be met.

IT IS SO ORDERED.

Dated: October 13, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[1] This is a request that should have been presented by stipulation. Plaintiff opposes the motion by arguing that (1) Defendants forfeited the ability to depose the expert on the amended report because they did not depose the expert on the now-superseded initial report, (2) Plaintiff will be prejudiced by a short extension by the very nature of the delay, even though Plaintiff recently sought and received an order reopening discovery, and (3) Defendants have no need to depose the expert because the amended report reaches the same conclusion as the previous report, although the analysis is changed to account for the *Duguid* decision. *See* Docket No. 55. These arguments lack merit.

At bottom, it appears that Plaintiff may have opposed this motion as a tit-for-tat response to Defendants opposing Plaintiff's earlier motion to reopen discovery. *See id.* at 5. That would not be a good reason to oppose a motion. The Court reminds the parties and counsel that they must strive to be cooperative, practical, and sensible in addressing discovery issues. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).